Note.—Reported in 202 N. W. 285. See, Headnote, American Key-Numbered Digest, Taxation, Key-Nos. 241(1), 242(1), 244; 37 Cyc. 926, 936, 942.

The question as to what is religious or charitable purpose within meaning of exemption from taxation of property used for, is discussed in notes in 17 A. L. R. 1027; 28 A. L. R. 861.

On constitutionality of exemption of particular educational, religious, or charitable institution from taxation see note in 2 A. L. R. 471.

---

## FIRST LOAN & TRUST CO., Respondent, v. SCHANCHE, Appellant.

### (202 N. W. 390.)

(File No. 5073. Opinion filed February 16, 1925.)

1. **Damages—Contracts—Forfeiture—Intention of Parties Important Element in Determining Whether Sum Stipulated to Be Paid Is Liquidated Damages or Penalty; Declaration of Parties to Be Considered.**

As a general rule, intention of parties is important, if not conclusive, element in determining whether sum stipulated to be paid in case of breach of contract is liquidated damages or penalty; that parties declare damages shall be liquidated is circumstance to be considered.

2. **Damages—Contracts—Damages Stipulated in Contract to Keep and Maintain Deceased for Life Held Liquidated.**

Where, in consideration of $500, defendants contracted to keep and maintain decedent during her life, and bound themselves to faithful performance of contract in sum of $500 as liquidated damages, held, that damages stipulated were liquidated.

3. **Limitation of Actions—Actions—Contracts—Rule as to When Statute Begins to Run on Breach of Continuing Contract, Stated.**

If full recovery of liquidated damages can be had on first breach of continuing contract, statute then begins to run; and, when this right of action becomes barred there can be no recovery for subsequent breach accruing within statutory period.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

Action by the First Loan & Trust Company, administrator of the estate of Maria Olsberg, deceased, against Herman G. Schanche. Judgment for plaintiff, and defendant appeals. Reversed, and action dismissed.

*Howard Warren,* of Yankton, *C. H. Dillon,* of Pierre, and *Clark & Henderson,* of Yankton, for Appellant.

*Harry Kunkle* and *French, Orvis & French,* all of Yankton, for Respondent.

Appellant cited: Lewis v. Lewis (Conn.), 92 A. S. R. 240; Wood v. Leeka (Ill.), 104 N. E. 1048; Russell v. Robins (Ill.), 93 N. E. 324, 139 A. S. R., 342; Green v. Green, 32 Ind. 276; Garrett v. Mosby, 10 Ky. 723; Dwelley v. Dwelley (Mass.), 10 N. E. 468; Soper v. Sisco (N. J.), 95 Atl. 1016; Hawley v. Morton, 23 Barb. 255; Lamb v. Miller, 18 Pa. 448; Conner v. Marshall, 11 Heisk. (Tenn.) 706; Scott v. Scott (Wis.), 61 N. W. 286; Currier v. Currier (N. H.) 9 Am. Dec. 43; Myer v. Myer (Ill.), 93 N. E. 341.

(3) To point three of the opinion, Respondent cited: Elliott on Contracts, Sec. 2261; Jackson v. Mull (Wyo.), 42 Pac. 603; Carroll v. McCoy, 40 Ia. 38; Riddle v. Beattie (Ia.), 41 N. W. 606; McCoy v. McDowell (Ia.), 45 N. W. 730; Whitley v. Whitley as Administrator (Ky.), 80 S. W. 825.

BURCH, Circuit Judge. On the 10th day of August, 1881, the defendant, Herman Schanche, and one Andrew Stene, entered into a written contract, at Yankton, S. D., as follows:

"That said parties of the first part for and in consideration of the sum of five hundred dollars in hand to them paid by the said party of the second part, the receipt of which is hereby acknowledged, hereby contract and agree with said party of the second part, both for themselves, their heirs and administrators, that they will keep and maintain the said Maria Olsberg, party of the second part, during the period of her life commencing and continuing from the date of these presents—that by said keeping and maintenance it is understood that they shall furnish her with a good and comfortable home, at such place as may be most convenient for said parties of the first part—and with food, drink and clothing and all other things necessary and convenient for her maintenance and enjoyment according to the position and station in life, and such as she has heretofore been accustomed to enjoy and receive and for the true and faithful performance of each and all the covenants and agreements above mentioned, the said parties of the first part, each and jointly and severally bind them-

selves to the said party of the second part in the sum of five hundred dollars as liquidated damages."

On the 27th day of March, 1920, an action was commenced upon this contract to recover damages for its breach in the name of Maria Olsberg, by J. S. Olsberg, her guardian. During the pendency of this action, and before trial, Maria Olsberg died, and the First Loan & Trust Company of Yankton, S. D., was appointed administrator and substituted as plaintiff herein.

The defendant answered, admitting the execution and delivery of the contract, but denied its breach, and pleaded that the cause of action, if any, was barred by the statute of limitations, and that the contract was waived by both parties and abandoned.

After the execution of the contract, the said Maria Olsberg for about 22 years lived with either the defendant or Andrew Stene, until some time in the year 1903, when she left and thereafter lived with J. S. Olsberg for a period of about 17 years. Maria Olsberg was the mother of J. S. Olsberg and the defendant Schanche, and the mother-in-law of Andrew Stene. It does not appear from the evidence why the mother left her residence with the defendant or Stene, and took up her residence with J. S. Olsberg.

This case may be disposed of by construction of the contract and its application to the statute of limitations.

[1] As a general rule, the intention of the parties is an important, if not a conclusive, element in determining whether a sum stipulated to be paid in case of a breach of a contract is to be regarded as liquidated damages or a penalty. That the parties declare the damages shall be liquidated is a circumstance to be considered. 8 R. C. L. 560.

[2] There are no demands of equity requiring the court to construe this contract at variance with its expressed terms. The contract was made many years ago, when the mother was young, not then 50 years of age; there is no extraneous evidence to throw light upon the intention of the parties. The intention and meaning depends solely upon the written contract. Under the terms of the contract, and the facts and circumstances surrounding the case, we hold that damages stipulated in said contract are liquidated. The trial court should have confined the recovery to the amount stipulated in the contract.

[3] The liability to pay the liquidated damages, however, depends upon whether or not the cause of action is barred by the statute of limitations.  Plaintiff contends that the contract sued on was a continuing contract, and that during its existence the statute of limitations did not run in favor of defendant.  It may be conceded that the contract is a continuing contract, and the question is:  When does a right of action accrue on a continuing contract so as to set the statute of limitations in motion.

In determining when the statute begins to run upon the breach of a continuing contract, the question depends largely upon the inquiry whether a complete right of action accrues at the time of the first breach.  If a full recovery of damages can be had upon the first breach, the statute then begins to run; and when this right of action becomes barred plaintiff cannot recover for any subsequent breach through which it accrues within the statutory period before action.    25 Cyc. 1105.    There has been but one breach of the contract, and that breach occurred in 1903, about 17 years prior to the commencement of the action.    Under the terms of the contract, the full amount of the stipulated damages became due and owing upon the breach thereof, and could then have been recovered.    It follows that at the time of the commencement of the action the cause of action was barred by the statute of limitations.  .

The judgment is reversed, and the action is dismissed.

BURCH, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

DILLON, J., not sitting.

· Note.——Reported in 202 N. W. 3.90.  See, Headnote (1), American Key-Numbered Digest, Damages, Key-Nos. 77, 78(2), 17 C. J. Secs. 234, 236;  (2) Damages, Key-No. 78(1), 17 C. J. Sec. 236; (3) Limitation of actions, Key-No. 50(1), 25 Cyc. 1106.

On amount stipulated to be paid in case of breach of contract for support as a penalty or liquidated damages, see note in 31 L. R. A. (N. S.) 937.